IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **ELVIN ANACLETO MEJIA MEZA,** and all others similarly situated under 29 U.S.C. § 216(b),　　Plaintiff,　v.　**SOI GROUP INCORPORATED d/b/a STAR OUTDOORS; STAR OUTDOORS, INC.; AND PHILLIP THOMPSON,**　　Defendants. | §§§§§§§§§§§§§§ | Civil Action No. **3:14-CV-2646-L** |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff's Motion for Final Default Judgment Pursuant to 29 U.S.C. § 216(b) (Doc. 14), filed December 19, 2014; and Defendants' Motion to Set Aside Entry of Default (Doc. 16), filed March 26, 2015. After careful consideration of the motions, briefs, evidence, record, and applicable law, the court **grants** Defendants' Motion to Set Aside Entry of Default (Doc. 16); and **denies as moot** Plaintiff's Motion for Final Default Judgment Pursuant to 29 U.S.C. § 216(b) (Doc. 14).

**I.     Background**

On July 22, 2014, Plaintiff Elvin Anacleto Mejia Meza ("Plaintiff") brought this action against Defendants SOI Group Incorporated d/b/a Star Outdoors ("SOI Group"); Star Outdoors, Inc. ("SOI"); and Phillip Thompson ("Thompson") (collectively, "Defendants") alleging violations of the Fair Labor Standards Act. In accordance with this court's order, Plaintiff moved for entry of

default by the clerk and default judgment. Default was entered by the clerk against Defendants on December 19, 2014. On March 26, 2015, Defendants filed their motion to set aside the clerk's entry of default on the ground that they were not properly served with process. Defendants, therefore, assert that their failure to act was not willful; that they have and can present a meritorious defense; and that setting aside the entry of default will not prejudice Plaintiff. Plaintiff opposes Defendants' Motion to Set Aside Entry of Default.

## II.   Discussion

A court may set aside an entry of a default for good cause shown. Fed. R. Civ. P. 55(c); *Lacy v. Sitel Corp.*, 227 F.3d 290, 291-92 (citing Fed. R. Civ. P. 55(c)). In determining whether good cause is present to set aside a default, a court considers "whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is present." *Id.* at 292 (citation and quotation marks omitted). A court also considers whether the defaulting party "acted expeditiously" to cure the default. *Id.* (citation omitted). If the court determines that a default is willful—that is, intentional failure to answer or otherwise respond—such "[w]illful failure alone may constitute sufficient cause for the court to deny [the] motion [to set aside default]." *Matter of Dierschke*, 975 F.2d 181, 184-85 (5th Cir.1992). Default judgments are "generally disfavored in the law" and "should not be granted on the claim, without more, that the defendant ha[s] failed to meet a procedural time requirement." *Lacy*, 227 F.3d at 292 (quoting *Mason & Hanger–Silas Mason Co. v. Metal Trades Council*, 726 F.2d 166, 168 (5th Cir.1984)). The Fifth Circuit has adopted a policy in favor of resolving cases on the merits and against the use of default judgments. *See Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 936 (5th Cir. 1999); *see also Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989) ("Default judgments are a

**Memorandum Opinion and Order – Page 2**

drastic remedy, not favored by the Federal Rules and resorted to by the courts in extreme situations [and] are available only when the adversary process has been halted because of an essentially unresponsive party.") (internal quotations and citations omitted).

The summons for Thompson indicates that he was personally served with process on July 23, 2014. The summons for SOI Group and SOI indicate that Thompson was also served on July 23, 2014, as the agent designated by law to accept service of process for SOI Group and SOI. Defendants contend that, contrary to the summons, Thompson was not personally served and was not served with the summons for SOI Group or SOI. Defendants contend that Caleb Willard ("Willard"), the director of operation for SOI Group, was instead served with the summons for Thompson, SOI Group, and SOI. The parties dispute whether Willard is qualified to accept service of process for SOI Group or SOI.

Given Defendants' contentions regarding improper service of process and the parties' dispute as to whether Willard is qualified to accept service of process for SOI Group or SOI, the court concludes, without ruling on the merits of the parties' arguments, that Defendants' failure to act was not intentional or wilful, and they have presented a meritorious defense for the court's consideration. Additionally, any delay by them in moving to set aside the clerk's entry of default is reasonable in light of their contention that they were not properly served with process. The court further concludes that Plaintiff will not suffer any legal prejudice in the presentation of his claims if the clerk's entry of default is set aside and the case is allowed to proceed. Accordingly, Defendants have met their burden of establishing good cause to set aside the clerk's entry of default against them. Moreover, as previously noted, default judgments are generally disfavored and should not be granted when the defendant merely failed to meet a procedural time requirement. The court,

therefore, **grants** Defendants' Motion to Set Aside Entry of Default and **denies as moot** Plaintiff's Motion for Final Default Judgment Pursuant to 29 U.S.C. § 216(b).

### III. Conclusion

For the reasons stated, good cause exists to set aside the Clerk's Entry of Default entered against Defendants. The court, therefore, **grants** Defendants' Motion to Set Aside Entry of Default (Doc. 16); **denies as moot** Plaintiff's Motion for Final Default Judgment Pursuant to 29 U.S.C. § 216(b) (Doc. 14); and **directs** the clerk of the court to set aside the Clerk's Entry of Default against Defendants (Doc. 15). Defendants **shall** file an answer or otherwise respond to Plaintiff's Complaint by **October 14, 2015**.

**It is so ordered** this 30th day of September, 2015.

_Sam A. Lindsay_
Sam A. Lindsay
United States District Judge